IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-732-FL

| | | |
|---|---|---|
| EMMERLI WILCOXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON APPLICATION FOR COSTS** |
| | ) | |
| DIANA PAINTER, individually and in her | ) | |
| official capacity, PHILIP D. MATTHEWS, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the applications for costs [DE-99; DE-100] filed by defendants Philip D. Matthews and Diana Painter, respectively. Plaintiff Emmerli Wilcoxson failed to file a motion to disallow costs, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). This matter is therefore ripe for determination. For the reasons stated below, the applications are granted in part.

## BACKGROUND

On March 3, 2016, the court granted the motions for summary judgment filed by Matthews and Painter and entered judgment in favor of both defendants [DE-97]. On March 15, 2016, Matthews filed an application for costs [DE-98], and after receiving a notice of deficiency, re-filed it [DE-99] the same day to comply with the court's CM/ECF Policies and Procedures Manual. On March 16, 2106, Painter filed an application for costs [DE-100].

## DISCUSSION

Both defendants seeks costs under Rule 54(d)(1) as prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Federal courts may assess only those costs listed in 28 U.S.C. § 1920. <u>See Arlington Cent. Sch. Bd. of Educ. v. Murphy</u>, 548 U.S. 291, 301 (2006); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987), <u>superseded on other grounds by statute</u>, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." <u>Earp v. Novartis Pharmaceuticals Corp.</u>, No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). Defendant Matthews seeks $2,014.27 in costs from plaintiff, while defendant Painter seeks $2,467.06 in costs from plaintiff. The clerk will discuss each defendant's application for costs in turn.

### A. Matthews's Application for Costs

Matthews seeks $2,014.27 in fees for printed and electronically recorded transcripts. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). In support of his application, Matthews submits a court reporter's invoice for his deposition transcript, as well as the deposition transcripts of Painter and Charles Matthews[1], and declares through counsel that the costs were necessarily incurred in this action. The clerk finds that the transcripts of these parties were necessarily incurred for use in this case, and the request for costs in the amount of $292.60 for those transcripts is allowed.

Additionally, Matthews seeks fees for the costs of video services for the deposition of plaintiff, as well as fees for the costs of transcribing that video deposition. Again, Matthews submits invoices in support of his request and declares through counsel that the costs were necessarily incurred in this action. Matthews explains that he served counsel for plaintiff with a notice of video deposition, to which she did not object. He also explains that given plaintiff's

---

[1] Charles Matthews was a named defendant in this action, until he and the plaintiff filed a stipulation of dismissal on August 24, 2015 [DE-89].

incarceration status and alleged uncertain psychological status, the video recording was necessary to preserve her testimony, and transcribing the video deposition was necessary to use in supporting the motion for summary judgment he filed in this case.

Ordinarily, only the cost of one transcript is taxable. See Local Civil Rule 54.1(c)(2)(B). However, a party may recover the costs of both stenographic transcription of a deposition and videographer services provided that the party shows that both costs were "necessarily obtained for use in the case." *See Cherry v. Champion Int'l Corp.*, 186 F. 3d 442, 449 (4th Cir. 1999). Under these circumstances, Matthews has met his burden in demonstrating that both recordings of plaintiff's deposition were necessary for use in the case. The invoice for the transcription services of plaintiff's deposition, however, includes charges for exhibits.  This cost is not recoverable. *See Dutton v. Wal-Mart Stores East, L.P.*, No 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). Accordingly, the costs for the exhibits in the amount of $49.50 is disallowed, and Matthews is awarded the remainder of $655.60 in costs for the recordings of plaintiff's deposition.

**B.      Painter's Application for Costs**

Painter seeks fees $1,589.10 in fees for transcripts pursuant to § 1920(2).  Like Matthews, Painter submits a court reporter's invoice for her deposition transcript and those of the other two defendants, and declares through counsel that the costs were necessarily incurred for use in this action.  The clerk finds that the transcripts of these parties were necessarily incurred for use in this case, and the request for costs in the amount of $292.60 for those transcripts is allowed.

Painter also seeks fees for the transcript of plaintiff's deposition. The invoice Painter has submitted in support of her request, however, includes charges for exhibits, which are not recoverable. Consequently, the costs for the exhibits in the amount of $49.50 are disallowed. Furthermore, the requested fee for plaintiff's deposition transcript is in the amount of $1,247.00, which is almost double the amount requested by Matthews for the same transcript. In the absence of some explanation for the discrepancy between the costs sought by Painter and Matthews for plaintiff's deposition, Painter's request for $1,247.00 is disallowed without prejudice. Painter may supplement her application for costs with additional information regarding plaintiff's deposition transcript within 14 days of this order.

Finally, Painter seeks costs in the amount of $2,467.06 for the copying costs charged by plaintiff's medical providers. Title 28, United States Code Section 1920(4) allows for fees exemplification and copies of papers necessarily obtained for use in the case. The Fourth Circuit has explained that "§ 1920(4) encompasses discovery-related costs," and is not limited only to "materials attached to dispositive motions or produced at trial." Country Vintner of North Carolina, LLC v. E&J Gallo Winery, Inc., 718 F.3d 249, 257-58 (4th Cir. 2013). In this case, plaintiff produced few medical records, and instead provided Painter with medical record authorizations which Painter used to obtain copies of plaintiff's medical records directly from plaintiff's medical providers. Painter attaches invoices from five medical providers showing the copying costs the medical providers required her to pay in order to obtain the records. The clerk finds that these copies were necessarily obtained for use in the case and the costs are recoverable under § 1920(4). See Lawson v. Bethesda Lutheran Communities, Inc., No. 1:11-CV-228, 2012 WL 672544, at *2-3 (N.D. Ind. Dec. 28, 2012) (allowing the defendant's motion to recoup cost of printing and copying charges of medical records paid to third-party medical providers);

Eberhart v. Novartis Pharm. Corp., 282 F.R.D. 697, 701 (N.D. Ga. 2012) (finding that the defendant was entitled to reimbursement of charges of medical provider to provide medical records). Accordingly, Painter's request for fees in the amount of $877.96 is allowed.

## CONCLUSION

As a prevailing party, defendant Phillip D. Matthews's application for costs [DE-99] is allowed in part, and he is awarded costs in the amount of $948.20 for deposition transcripts pursuant to 28 U.S.C. § 1920(2). These costs are taxed against plaintiff and shall be included in the judgment.

Additionally, defendant Diane Painter's application for costs [DE-100] is allowed in part and denied in part. Defendant Painter is awarded costs in the amount of $877.96 for copies necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4), and $292.60 for deposition transcripts pursuant to §1920(2). Total costs in the amount of $1,170.56 are taxed against plaintiff and shall be included in the judgment.

Painter's request for costs for plaintiff's deposition transcript is disallowed without prejudice. Within 14 days of this order, defendant Painter may supplement her request with additional information supporting the amount of the requested cost of plaintiff's deposition transcript.

SO ORDERED. This the 16th day of May, 2016.

Julie Richards Johnston
Clerk of Court